# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BankFirst, | Civil No. 09-1937 (DWF/JSM) |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER ESTABLISHING RECEIVERSHIP AND APPOINTING RECEIVER** |
| Gramercy Club of Edina, Northwest Bituminous, Inc., et al., | |
| Defendants. | |

---

Daniel C. Beck, Esq., and Michael A. Rosow, Esq., Winthrop & Weinstine, PA, counsel for Plaintiff.[1]

Marnie E. Fearon, Esq., Felhaber Larson Fenlon & Vogt, PA, counsel for Defendants.

Brian F. Leonard, Esq., and Edward W. Gale, Esq., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., counsel for Movant Federal Deposit Insurance Corporation.

---

This matter is before the Court on the Motion of the Individual Owners/Occupants of the Gramercy Club of Edina to Confirm the Receivership Order. The Court held oral argument on the matter on Monday, August 17, 2009. At that hearing, the Court approved, in substantial part, the order proposed by Plaintiff establishing a receivership.

---

[1] At oral argument, Plaintiff's counsel indicated that they now represent Beal Bank Nevada, successor-in-interest to BankFirst as lender and servicer. This change has not been reflected as of yet in the Docket.

Based on the submissions and proceedings herein, including the objections to one or more provisions of this Order made by the parties at oral argument, **IT IS HEREBY ORDERED:**

1. **Appointment of a Receiver.**  JBL Companies, Commercial Real Estate Services, Inc. (the "Receiver") is appointed as a receiver over the assets of Gramercy Club of Edina ("Gramercy").  The Receiver is also appointed receiver of all other assets identified in the Loan Documents[2], including, but not limited to, the Real Property, the Mortgaged Property, the Collateral, all bank accounts held by Gramercy and all amounts owed or to become owing to Gramercy (the "Property").

2. **Bond.**  The bond or letter of credit previously posted by the Receiver shall serve as the Receiver's bond for purposes of this Order.  The Receiver shall take control of the Property immediately.

3. **Powers and Duties of the Receiver.**  The Receiver shall have all of the powers and authority usually held by receivers and reasonably necessary to accomplish the purposes stated in this Order, subject at all times to the review and jurisdiction of the Court.  The Receiver shall act in a commercially reasonable manner and in conformance with the provisions of Minnesota Statutes section 576.01, *et seq.*  As required by law, the Receiver shall be deemed a representative of the Court, and will not be deemed to be an agent of any of the parties to this action.  Without limiting any other power granted by this Order or existing under the law:

a. The Receiver may take any and all actions necessary to manage, operate, preserve and protect the Property, including, but not limited to:

    i. Maintaining insurance on the Property;

    ii. Arranging for utility services for the Property;

    iii. Changing the locks, security codes and access codes on the Property;

    iv. Maintaining fire and security alarms at the Property;

    v. Paying real estate taxes and assessments on the Property; and

    vi. Providing caretaking, janitorial and/or security staff to care for and protect the Property.

b. If any unit in the Property is subject to a lease or occupancy agreement as of the date of this Order, the Receiver is authorized to enforce the terms of such lease or occupancy agreement and may take legal action to enforce the same.

c. The Receiver is authorized to enter into any and all agreements which it deems necessary or appropriate to prevent waste of and

---

[2] Capitalized terms not defined herein are used as defined in the Complaint filed by BankFirst.

to maintain, preserve and protect the Property including, but not limited to, any supply, distribution, service or other such contracts.

  d. The Receiver is authorized to pay obligations previously incurred by Gramercy with respect to the Property, but only if the Receiver, in its reasonable discretion, deems it necessary to do so in order to prevent waste of, and to preserve and protect the Property.

  e. The Receiver is authorized to apply Gramercy's endorsement to any check received by the Receiver in the course of its management of the Property and execute any and all reports and other documents required to be executed in connection with the performance of the Receiver's obligations hereunder.

  f. Defendants Gramercy and Cooperative Communities, LLC shall not interfere with the Receiver's performance of its duties.

  g. The Receiver is authorized to retain counsel as may be reasonably required to give effect to this Order, and the Receiver's responsibilities hereunder.

4. **Collection of Assessments and Amounts Due**.  The Receiver is authorized to collect monthly assessments and other amounts due or to become due to Gramercy by unit owners, Cooperative Communities or others.  The Receiver is authorized to retain legal counsel and, if appropriate, to pursue legal action against any unit owner, Cooperative Communities, and any other party obligated to Gramercy or obligated for the expenses of Gramercy or the Property.

5. **Sale of Units.** Without further order of the Court, the Receiver may not sell shares of Gramercy stock or enter into Occupancy Agreements on behalf of Gramercy, or sell all or any portion of the Real Property, the Mortgaged Property, the Property, or the Collateral.

6. **Distributions from the Receiver.** Effective immediately, the Receiver shall manage and operate the Property and collect all assessments, rents, issues, profits, revenues, income and other payments derived from or owing with respect to the Property or the operation of the Property and shall distribute such rents, issues, profits, revenues, income and other payments monthly as permitted and required by the Loan Documents and Minnesota Statute § 576.01.

7. **Advances to the Receiver.** The Receiver shall operate in substantial material compliance with the budget attached hereto as Exhibit 1 (the "Budget"), consistent with the Court's remarks off the bench. The Individual Owners and tenants at the Property shall pay their monthly obligations to the Receiver. To the extent it experiences cash shortfalls under the Budget, the Receiver may require Beal Bank Nevada ("BBN") to advance additional funds to the Receiver during the months of August, September, and October 2009. All such funds advanced by BBN are deemed to have been proper expenditures under Minnesota Statute § 576.01 and BBN shall be entitled to treat advances to the Receiver as advances to Gramercy under the Loan Documents. Any amount so advanced after the Lender's foreclosure sale, with interest, shall be added to the amount required to redeem. Such advances shall not affect the priority of the Mortgage.

8. **Leasing of Units.** The Receiver shall not lease any additional units during the term of this Order.

9. **Instructions**. The Receiver is authorized, if necessary or appropriate, to request instructions from the Court on an expedited basis, regarding any matters which are not anticipated by the broad authority provided the Receiver, as set forth above. The Receiver shall make any requests for instructions in writing and shall serve the request on counsel for all parties to this action.

10. **Funds Held by Trustee.** John Hedback, Chapter 7 trustee for the bankruptcy estate of Gramercy, shall promptly pay over to the Receiver all funds which he is holding for the estate.

11. **Notice to Unit Owners.** Upon its appointment, the Receiver shall deliver to Cooperative Communities and occupants of the Property a copy of this Order which shall constitute written notice that all sums owed or to become owing to Gramercy, including monthly carrying charges and assessments, shall be paid to the Receiver. Nothing contained in this Order shall expand the rights, if any, of any occupant of the Property.

12. **Accounting.** The Receiver shall file periodic accountings with the Court at least every 30 days following the date of this Order. The Receiver shall also file a final accounting. The Receiver shall mail or e-mail copies of its accountings to parties to this action or their counsel. After receiving the accountings, the Court reserves the right to order any funds advanced by Beal Bank to be paid by the responsible party.

13. **Termination.**  The Receiver shall serve until further Order of this Court. Following termination, the Receiver shall file its final accounting and upon approval by the Court, shall be discharged.

14. **Borrower's Duties.**  Defendants Gramercy, Cooperative Communities, and their agents and representatives shall immediately:

    a.    surrender to the Receiver physical possession of all of the assets and operations related to the Property;

    b.    provide the Receiver with all keys, codes, other access devices and manuals, relating to the Property;

    c.    make available to the Receiver all information, assets (and titles thereto), books, records, accounts and cash in Gramercy's possession, custody or control relating to the operation, ownership or management of Gramercy or the Property, including, without limitation, occupancy agreements, operations files, maintenance files, employee records, insurance records, contracts, leases, financial books and records, security deposits, credit card receipts, advance payments, bank accounts, savings accounts and checking accounts, including without limitation all information electronically created, received or stored; and

    d.    cooperate and assist the Receiver so as to enable the Receiver to assume and discharge its duties under this Order.

15. **Employees.**  The Receiver, in its discretion, may determine whether and on what terms to continue the employment of employees or former employees of Gramercy

or Cooperative Communities.  The Receiver will be not be bound by Gramercy's or Cooperative Communities' employment contracts, collective bargaining agreements, or employment practices, policies or benefits.  The Receiver will not be bound by Gramercy's or Cooperative Communities' prior contracts and may elect which contracts it desires to enforce.

16. **Receiver's Liability.**  The Receiver shall not be liable for Gramercy's debts and obligations.  Liabilities incurred by the Receiver in its capacity as Receiver shall be liabilities of the receivership estate and not liabilities of the Receiver.

17. **Compensation.**  The Receiver shall be compensated at the following rates

   a. $200 an hour for Senior Managers

   b. $120 an hour for Other Managers

   c. $100 an hour for Accounting Personnel

   d. $60 an hour for Administrative Personnel

In addition to the Receiver's fees, the Receiver shall be reimbursed on a cost basis for its reasonable expenses associated with the receivership.  The Receiver's compensation and reimbursements shall be disclosed in the periodic reports filed with the Court and are subject to appropriate objections by the parties to this action.  Any objections to the Receiver's fees or expenses must be filed with the Court and served on the parties within seven days after the Receiver mails such periodic reports to counsel for the parties, at which point the Court will schedule a hearing on the objection.  If no objections are served and filed within the seven-day deadline, the fees and expenses of the Receiver shall be deemed approved by the Court.

18. **<u>No Limits on Rights.</u>**  Nothing contained in this Order limits any right or remedy available to the Lender or any claims or defenses of any Defendant.

19. **<u>U.S. Marshal</u>.**  Upon the Receiver's request, the U.S. Marshal shall accompany the Receiver while the Property is turned over to the Receiver.

20. **<u>Hearing.</u>**  The Court will hold a hearing on October 29, 2009, at 11:00 a.m. to determine:  (i) whether a receiver should be appointed beyond October 29, 2009; (ii) the identity of the Receiver; (iii) the scope of the Receiver's authority with respect to leasing; (iv) the appropriate level of service and maintenance to be provided by the Receiver; and (v) allocation of responsibility for any cash flow deficiencies for any receivership activities occurring after October 29, 2009.  The parties shall serve and file any motions, memoranda and affidavits twenty (20) days prior to the hearing.  The parties may submit responses seven (7) days before the hearing.  The parties may submit replies three (3) business days before the hearing.

21. The parties are directed to contact Katie Haagenson, Calendar Clerk for Magistrate Judge Janie S. Mayeron, to schedule a scheduling conference with Magistrate Judge Mayeron.  Ms. Haagenson can be reached at (651) 848-1190.

Dated:  August 18, 2009			s/Donovan W. Frank
					DONOVAN W. FRANK
					United States District Judge